1  LEVINE SULLIVAN KOCH &
2     SCHULZ, LLP
   James E. Grossberg, Cal. Bar No. 169626
3  jgrossberg@lskslaw.com
   1041 Skyline Drive
   Laguna Beach, CA  92651
4  Telephone: (949) 715-3136
   Fax: (949) 715-3138
5

6  LEVINE SULLIVAN KOCH &
      SCHULZ, LLP
7  KATHERINE M. BOLGER
   (*Admitted Pro Hac Vice*)
8  RACHEL F. STROM
   (*Admitted Pro Hac Vice*)
9  kbolger@lskslaw.com
   rstrom@lskslaw.com
10 321 West 44th Street, Suite 1000
   New York, NY 10036
11 Telephone: (212) 850-6100
   Fax: (212)850-6299
12
   Attorneys for Defendants Corbis
13 Corporation and Reuters America LLC
   (incorrectly sued herein as Thomson
14 Reuters Holdings, Inc.)

15           UNITED STATES DISTRICT COURT

16    CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

17
   ICONIC IMAGES, LLC,                Case No. CV-13-1951-CJC (ANx)
18
              Plaintiff,             **DEFENDANTS' REPLY
19                                   MEMORANDUM OF POINTS
                                     AND AUTHORITIES IN
20      vs.                          FURTHER SUPPORT OF
                                     PARTIAL MOTION TO DISMISS
21 CORBIS CORPORATION;               [F.R.C.P. 12(b)(6)]**
   THOMPSON REUTERS
22 HOLDINGS, INC.; and DOES 1-       Date:     June 23, 2014
   10, inclusive,                    Time:     1:30 p.m.
23                                   Ctrm:     19B
              Defendants.            Judge:    Hon. Cormac J. Carney
24
25                                   Action Filed:  December 16, 2013
26
27
28

**PRELIMINARY STATEMENT**

Reading the heated rhetoric in the Opposition, one would get the impression that Defendants conspired for years in an "illicit scheme" (Opp. at 5) to take advantage of an "octogenarian" (*id.* at 1) so they could facilitate rampant, world-wide copyright infringement and reap tremendous profits from a photo she claims to have taken in the 1960s.  Despite the over the top language, Plaintiff Iconic Images, LLC ("Iconic") makes a number of concessions that make it clear that this characterization is untrue.  Iconic concedes, for example, that Defendants Corbis Corporation and Reuters America LLC (incorrectly sued herein as Thomson Reuters Holdings, Inc.) (together "Defendants") licensed a photograph of the President's father (the "Photo") in 2008 during the U.S. Presidential campaign. Opp. at 1-2.  Iconic also admits that Defendants did so about five years before they ever heard of Ms. Sylvia Wells Baldwin (who claims to be the photographer of the Photo) or Iconic (who claims to be the current copyright holder) and about four years before Ms. Baldwin herself ever secured a copyright registration for the Photo.  And Iconic concedes that it never produced evidence of a copyright registration to Defendants until commencing this lawsuit.  These concessions establish conclusively that this case is, at bottom, a simple copyright claim in which Iconic may demand, at most, actual damages.  They also establish that Iconic's second, third and fourth causes of action should be dismissed.

As it relates to its foreign copyright infringement claims (claims three and four), Iconic admits that if a claim stems from an act of infringement in the U.S., the U.S. Copyright Act – and only the U.S. Act – applies.  Iconic then concedes that, here, the alleged foreign infringement was "initiated" by alleged infringement in the U.S.  Pursuant to the Ninth Circuit's holding in *Los Angeles News Service v. Reuters Television International Ltd.*, 149 F.3d 987 (9th Cir. 1998), therefore, Iconic's foreign copyright claims should be dismissed.

Next, as to its Digital Millennium Copyright Act ("DMCA") claim, Iconic's admissions in the Opposition demonstrate that it cannot establish that Defendants intended to facilitate copyright infringement when it credited the Obama campaign for the Photo.  Iconic concedes that Ms. Baldwin did not even claim to be the rightful copyright owner of the Photo until years after Defendants provided the allegedly false copyright information.  And, Iconic does not dispute that Ms. Baldwin never provided Defendants with a copyright registration in the Photo. Accordingly, Iconic has not and cannot establish that Defendants knowingly falsified copyright management information for the Photo at the time the Photo was first published on Defendants' websites – let alone that they did so to facilitate infringement.  The second cause of action should, therefore, be dismissed.

Rhetoric aside, this is a copyright claim about an alleged innocent infringement for which Iconic may claim, at most, actual damages.  The second, third and fourth claims as well as Iconic's request to amend the Complaint for a third time are impermissible attempts to add monetary value to this simple claim. This Court should, therefore, grant Defendants' motion.

## ARGUMENT
## ICONIC'S ATTEMPTS TO SAVE ITS
## <u>TAGALONG CLAIMS ARE UNAVAILING</u>

As discussed more fully in Defendants' opening memorandum of points and authorities (the "Opening Memo."), at most, Iconic's complaint against Defendants consists of a simple claim for copyright infringement under U.S. law. The other three claims – which, unlike the U.S. copyright claim, carry the potential to recover attorney's fees and statutory damages – are window dressing aimed at expanding the universe of possible financial damages available to Plaintiff.  And they all fail as a matter of law.

While Iconic relies primarily on outdated case law to show that a 12(b)(6)

motion is not granted lightly, "a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted." *Rodriguez v. Kwok*, 2014 WL 2110256, at *1 (N.D. Cal. May 20, 2014).   For this reason, since *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), this Court has not hesitated to grant a 12(b)(6) motion in situations such as this.  *See, e.g., Kashani-Matts v. Medtronic, Inc.*, 2014 WL 819392 (C.D. Cal. Feb. 14, 2014) (granting motion to dismiss without leave to amend); *Kermani v. Law Office of Joe Pezzuto, LLC*, 2014 WL 260650 (C.D. Cal. Jan. 23, 2014) (same); *Dutch v. Internal Revenue Dep't of Treasury*, 2013 WL 7162138 (C.D. Cal. Dec. 20, 2013) (same); *Clerk v. Telesis Cmty. Credit Union*, 2013 WL 3071250 (C.D. Cal. June 18, 2013) (same); *Buttonwood Tree Value Partners, LP v. Sweeney*, 910 F. Supp. 2d 1199 (C.D. Cal. 2012) (same); *Thanh Nguyen v. PennyMac Loan Servs., LLC*, 2012 WL 6062742 (C.D. Cal. Dec. 5, 2012) (same); *Anderson v. PHH Mortg.*, 2012 WL 4496341 (C.D. Cal. Sept. 28, 2012) (same).

## I.   ICONIC MAY NOT MAINTAIN FOREIGN COPYRIGHT CLAIMS UNDER THE FACTS THEY HAVE CONCEDED HERE

This Court should dismiss the Israeli and U.K. copyright claims.  Conceding, as it must, that a plaintiff may not assert foreign copyright claims that are premised on a completed act of infringement in the U.S., Iconic continues to press forward with its meritless foreign claims by relying on heated language and ignoring the actual facts in *Los Angeles News Service v. Reuters Television Int'l Ltd.*, 149 F.3d 987 (9th Cir. 1998) ("*LANS I*").  In fact, *LANS I* disposes of Iconic's foreign claims.

As detailed in the Opening Memo., *LANS I* is dispositive here.  The defendants in *LANS I* (including Reuters) made a copy of the plaintiff's videos in New York and then sent the video abroad for further use.  The *LANS I* defendants argued that the plaintiff could not recover for these foreign acts of infringement under U.S. copyright law because the Copyright Act does not apply extraterritorially.  The Ninth Circuit rejected defendants' arguments, holding instead that a copyright holder "is entitled to

recover damages [under the U.S. Copyright Act] flowing from exploitation abroad of the domestic acts of infringement committed by defendants." *Id*. 149 F.3d at 992.[1]

The Ninth Circuit later reaffirmed that the Berne Convention cannot be used, as Iconic attempts here, to expand the recovery available to a plaintiff beyond that intended by U.S. law. *Estate of Elkan v. Hasbro, Inc.*, 258 Fed. App'x 125, 126 (9th Cir. 2007) (foreign "copyright cannot expand the rights [of a work] here in the United States beyond those provided by the United States copyright."); *see also Saregama India Ltd. v. Young*, 2003 WL 25769784, at *1 (C.D. Cal. Mar. 11, 2003) ("because Plaintiff's claim is for copyright infringement that allegedly occurred in the United States, the claim is governed by the Copyright Act," and plaintiff could not rely on Berne convention to obtain punitive damages that are not available under U.S. law). Thus, if, as here, Iconic cannot recover attorney's fees or statutory damages under U.S. law, Iconic cannot use the Berne convention to expand the pool of possible damages.

This Ninth Circuit precedent precludes Iconic from asserting the claims alleged in counts three and four of the Complaint. Iconic alleges that Defendants committed a complete act of copyright infringement in the United States when they copied the Photo in the U.S. and posted the Photo on "their website", also in the U.S. SAC ¶¶ 18-19, 32-40; Opp. at 5.[2]  It was only after Defendants made this copy of the Photo, Iconic alleges, that they offered up the Photo for license in the U.S. and abroad. If Defendants entered into "sham licenses" of the Photo abroad (Opp. at 6), as plead in the Complaint, those licenses would necessarily be a direct result of the

---

[1] Iconic hopes to gain traction by pointing out that Reuters made an argument in *LANS I* that directly contradicts its argument here. And that is true. But Reuters lost. The Ninth Circuit has now weighed in and determined that plaintiffs, like Iconic here, *can* recover under the U.S. Copyright Act for a foreign infringement based on a predicate act of U.S. infringement. Reuters is now bound by this holding. So too is Iconic.

[2] Although Iconic alleges that both Reuters and Corbis sold the Photo on "their website", it has only attached the Corbis website to the Complaint. SAC, Ex. D.

alleged infringement in the U.S.  Thus, the only actual distribution alleged here is that Defendants made the Photo available on "their website" – an act that occurred within the U.S.  Iconic is, therefore, only permitted to seek damages under U.S. law, and cannot use the Berne convention to pile on additional foreign claims and seek another pool of damages.

In the Opposition, Iconic tries to step back from the facts plead in its Complaint and argues for the first time that there were entirely separate infringements abroad.  Opp. at 5.  But this argument is inconsistent with the SAC.  As Iconic states, it has not "wavered" from the facts (Opp. at 12):  it pleads that Defendants copied a Photo (in the US) and posted the Photo on "their website" (in the US) and offered it for license throughout the world.  *Id.*  Iconic pleads no separate acts of alleged foreign infringement.[3]  And any new allegation that there is such an infringement would be inconsistent with its allegations that Defendants posted the Photo to a website and "offered sham licenses" of the Photo.  SAC ¶¶ 57, 71.  Thus, under *LANS I* and Iconic's own concessions, Iconic cannot separately recover for any "exploitation abroad" outside of the U.S. Copyright Act.

Defendants do not dispute that, in some circumstances, foreign copyright claims could be litigated in a U.S. court.  In the Ninth Circuit, however, such claims can only be litigated where they are not based on a complete predicate act of copyright infringement in the U.S.[4]  Iconic is overreaching and the foreign claims must be dismissed.

---

[3] If Iconic has some separate infringement in mind, something truly apart from the alleged domestic infringement (copying of the Photo, posting the Photo, and offering the Photo for license), it has not alleged that activity with sufficient detail to meet the United States Supreme Court's standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Thus, any such separate acts cannot be considered here.

[4] Iconic also relies on *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995), to claim that when an act of copyright infringement is completed in a foreign country, that foreign country's copyright law applies to the claim.  Again, this is true – but only where that foreign claim is not predicated on a completed U.S. infringement.  As the Ninth Circuit explained in *LANS I*, "This case

## II.   ICONIC'S RHETORIC CANNOT SAVE ITS DMCA CLAIMS

Next, this Court should dismiss Iconic's DMCA claims because Iconic has not, and cannot, plead the requisite level of intent.  In the Opposition, Iconic makes two boldly italicized but equally unavailing arguments in an attempt to save its tag-along DMCA claim.  Neither is persuasive.

*First*, in response to Defendants' argument that Iconic failed to plead that Defendants *intended* to facilitate copyright infringement, Iconic claims it can establish intent in 2008 by the simple fact that Defendants attributed the "photographer" of the Photo to "Obama for America/Handout".  Opp. at 14.  Iconic asserts that it is "manifest[ly] dubious" to claim that a presidential campaign that was not formed until the late 2000s took a photograph in the 1960s.  *Id.*  And this, in and of itself, Iconic claims, is enough to show that the Defendants wanted to facilitate copyright infringement.  This argument is easily dismissed.  As Iconic (who claims to have purchased the rights to the Photo in question in order to bring this lawsuit) must know, copyright ownership is transferable.  17 U.S.C. § 201(d).  As the exhibit to the SAC makes clear, Defendants stated that the Photo was a "family snapshot" that is "undated" and was "released by [Barack Obama Sr.'s] son's US presidential campaign."  SAC Ex. D.  Defendants' actions in identifying the Obama campaign as the source of the Photo were not "dubious"; they reflect a good faith effort to disclose the accurate origin and ownership of the Photo.

Iconic seeks support for this argument in a number of cases that stand only for the proposition that when a defendant itself takes credit for a work, it can be inferred that they did so in order to facilitate copyright infringement.[5]  *See Imageline, Inc. v.*

---

then presents a situation different from that in . . . *Allarcom*. . . in *Allarcom*, the alleged infringement consisted either of authorization given in the United States for infringement in Canada or broadcasts of copyright material from the United States into Canada, with the infringement not completed until the signals were received in Canada."  *LANS I*, 149 F.3d at 991.

[5] Contrary to Iconic's suggestion, Defendants intend to contest a number of the allegations in the SAC including the claim that they provided false copyright information.  As Defendants noted in the Opening Memo., for the purposes of a

*CafePress.com, Inc*., 2011 WL 1322525, at *5 (C.D. Cal. Apr. 6, 2011) (plaintiff's

pleading was adequate where defendant "falsely suggest[ed] that [it] is the owner of

the images at issue"); *Merideth v. Chicago Tribune Co.*, LLC, 2014 WL 87518, at *2

(N.D. Ill. Jan. 9, 2014) (defendant allegedly attributed ownership to itself); *Leveyfilm,*

*Inc. v. Fox Sports Interactive Media, LLC*, 2014 WL 1228404, at *1-4 (N.D. Ill. Mar.

25, 2014) (allegation that Tribune *removed* plaintiff's credit information from

plaintiff's photograph and then published the photo under the credit line "(Tribune

file photo)."); *Logan Developers, Inc. v. Heritage Bldgs., Inc.*, 2013 WL 5460757, at

*8 (E.D.N.C. Sept. 30, 2013) (defendant "placed its name on the (infringing) . . .

designs and advertised the . . . designs on its internet website").  Unlike here, in each

of these cases, the defendants claimed to be the sole author and owner of a work – a

clear representation that they owned the work.

   *Second*, Iconic argues that Defendants intended to facilitate copyright

infringement because, some five years later after Defendants allegedly provided the

false copyright information, Ms. Baldwin claimed that she was the rightful owner of

the Photo.  Iconic, however, is obligated to allege that Defendants intended to

facilitate copyright infringement *at the time* they posted the Photo on their websites

and offered it up for license.  Opening Memo at 14 (citing cases).  Because Iconic

does not and cannot allege that Defendants knew Ms. Baldwin was the rightful owner

of the Photo in 2008, Iconic's DMCA claim fails.

   Moreover, in 2013, Ms. Baldwin did not provide Defendants with concrete

evidence of her ownership.  Opening Memo. at 4 (citing SAC ¶¶ 24-26).  Instead,

---

motion to dismiss "this Court must 'accept all allegations of fact in the Complaint
as true and construe them in the light most favorable to the plaintiff[].'"  Opening
Memo. at 2 n.1 (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136,
1139 (9th Cir. 2003)) (citations omitted).  Defendants believed –and continue to
believe – that the Obama for America campaign had the legal right to grant
Defendants permission to license the Photo.  Given the procedural posture,
however, that is an issue for a later day.

Ms. Baldwin provided Defendants a copy of the Photo, a thank you letter to Ms. Baldwin from Barack Obama Sr. for sending him the "photographs which we took" (without identifying those photographs in any detail) and a copy of acknowledgment and credit pages from a book by Sally Jacobs, published in 2011.   None of this "evidence" provided Defendants conclusive evidence of ownership (as a registration would) or precluded the possibility that Ms. Baldwin had transferred her ownership to the Obama campaign.  Iconic had not and cannot sufficiently allege that Defendants knew they were providing incorrect copyright information – let alone that they did so with the purpose to facilitate copyright infringement.

For this reason, Iconic's attempt to engineer a DMCA claim should be dismissed.

## III.   ICONIC CONCEDES IT IS NOT ENTITLED TO ATTORNEY'S FEES OR STATUTORY DAMAGES UNDER THE COPYRIGHT ACT

Finally, although Iconic specifically amended its complaint to acknowledge that the Photo was not timely registered and to remove its request for statutory damages and attorney's fees under the U.S. Copyright Act (*Cf.* FAC, SAC p. 16 n.1), Iconic spends nearly five pages of its Opposition to bolster its claim that discovery could establish its right to amend the complaint to seek statutory damages or attorneys' fees despite its untimely copyright registration.

Iconic, however, cannot recover attorney's fees for the alleged infringement here.  The Copyright Act expressly states that:

> no award of statutory damages or of attorney's fees as provided by sections 504 and 505, shall be made for— (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration .

17 U.S.C. § 412.  Iconic concedes that Defendants started distributing the Photo in 2008.  Opp. at 1.  The Photo was not registered until 2012.  SAC Ex. B.  Thus, the alleged infringement occurred before the effective date of the registration.  Moreover,

as reflected in the certificate of registration itself, the registration was issued over a year after Ms. Baldwin claims the Photo was first published (in July 2011), well beyond the three month grace period provided by the statute. *See* 17 U.S.C. § 412(2).

Iconic makes the suspect argument that discovery could show that some exclusive licensee timely registered the Photo. [6] But as it stands, Iconic conceded in the SAC that it does not currently have any good faith reason to believe it is entitled to statutory damages or attorney's fees under the U.S. Copyright Act.  For this reason, Iconic properly withdrew its request for statutory damages or for attorney's fees under 17 U.S.C. § 505, and, to the extent the inclusion of the request for attorneys' fees in its prayer for relief was not made in error, the request for those fees must be dismissed.

## IV.   A THIRD AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

Finally, this Court should deny Iconic's request for permission to amend its complaint for a third time.  As this Court noted in *Kashani-Matts*, 2014 WL 819392, at *2:

> Although the district court should grant the plaintiff leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir.2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

Here, another amendment to the complaint would be futile.  The facts here do not amount to a violation of the DMCA or foreign copyright infringement.  Defendants are two news agencies who make "use of and license[] creative content, including

---

[6] In addition, a prior registration would render the one attached as Exhibit B to the SAC invalid and potentially fraudulent.

photographs. " SAC ¶¶ 13-17.  In 2008, during the U.S. presidential campaign, Defendants posted a newsworthy Photo of a presidential candidate's father on their websites.  They then licensed it to various entities in the United States and abroad. SAC ¶¶ 17, 18.

Some five years later, Sylvia Wells Baldwin claimed that she, and not the Obama presidential campaign, was the rightful owner of the Photo.  Opp. at 2-3.  Yet she never provided Defendants with her registration in the Photo or provided any evidence that should have caused the Defendants to question the representation of the Obama campaign.  SAC ¶¶ 24-26.  On these facts, all Plaintiff can make out is a demand for actual damages flowing from an alleged violation of the U.S. Copyright Act.  Nothing more.  This Court should refuse to allow Iconic to attempt one more time to make this case into something it is not.

## CONCLUSION

For the foregoing reasons and those set out in its Opening Memo., Defendants Corbis Corporation and Reuters America LLC respectfully request that this Court grant their motion to dismiss the second, third and fourth causes of action from the Second Amended Complaint, deny Iconic's request to amend the Complaint for a third time, and award Defendants their costs and attorney's fees.

DATED:  June 9, 2014

LEVINE SULLIVAN KOCH & SCHULZ, LLP
JAMES GROSSBERG
KATHERINE M. BOLGER*
RACHEL F. STROM*


By:    /s/ Katherine M. Bolger
        KATHERINE M. BOLGER

Attorneys for Defendants Corbis Corporation and Reuters America LLC (incorrectly sued herein as Thomson Reuters Holdings, Inc.)

*Admitted *pro hac vice*