### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 13-01951-CJC(ANx)                    Date:  July 11, 2014

Title: ICONIC IMAGES, LLC v. CORBIS CORPORATION, ET AL.

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

Michelle Urie                                      N/A
Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                  None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED
COMPLAINT** [filed 4/28/14]

Having read and considered the papers presented by the parties, the Court finds
this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local
Rule 7-15.  Accordingly, the hearing set for July 14, 2014 at 1:30 p.m. is hereby vacated
and off calendar.

### INTRODUCTION & BACKGROUND

This is an action for copyright infringement brought by Plaintiff Iconic Images,
LLC ("Iconic") against Defendants Corbis Corporation and Reuters America LLC
(together, "Defendants").  Iconic alleges that it is the assignee of the copyright to a
photograph of Barack Obama, Sr., taken in Hawaii in the early 1960s (the "Photo").
(Dkt. No. 23, Second Am. Compl. ["SAC"] Exh. A.)  Iconic alleges that Defendants, who
are large news and content licensing companies, infringed its copyright by offering the
Photo for licensed use by third parties and displaying the Photo on Defendants' website
for that purpose.  (SAC ¶¶ 18–19.)  Defendants have, according to the SAC, licensed the
Photo to numerous individuals and entities throughout the world, including in the United
Kingdom and Israel.  (SAC ¶¶ 18, 21.)  Iconic also alleges that Defendants falsely list
"Obama for America/Handout" as the photographer of the Photo and falsely credit
copyright ownership to "Obama For America/Handout/Reuters/Corbis."  (SAC ¶ 20.)
Based on these allegations, Iconic's SAC pleads four causes of action: (1) United States

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01951-CJC(ANx)                    Date:  July 11, 2014
                                                            Page 2

---

Copyright Infringement (17 U.S.C. § 501); (2) Falsification of Copyright Management Information (17 U.S.C. § 1202); (3) Israel Copyright Infringement (Israel Copyright Act of 2007, §§ 11, 47, 48, 54); and (4) United Kingdom Copyright Infringement (Copyright, Designs and Patents Act 1988, § 96).  (SAC.)  Before the Court is Defendants' motion to dismiss claims 2, 3, and 4 of the SAC.  (Dkt. No. 24.)  For the following reasons, the motion is **GRANTED IN PART**.

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted by the opposing party.  In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the pleading as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Dismissal for failure to state a claim is not proper where the claimant has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the district court should grant leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

*Foreign Copyright Claims*

Defendants move to dismiss claims 3 and 4 of the SAC on the ground that Iconic is not entitled to relief under foreign copyright laws.  It is an "undisputed axiom" of copyright law that "the United States' copyright laws have no application to extraterritorial infringement."  *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1095 (9th Cir. 1994) (citation and internal quotation marks omitted).  For U.S. copyright law to apply, "at least one alleged infringement must be completed entirely

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01951-CJC(ANx)                              Date:  July 11, 2014
                                                                                          Page 3

---

within the United States." *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 990 (9th Cir. 1998) (quoting *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995)).  In that situation, extraterritorial damages may be recovered if "the damages flowed from extraterritorial exploitation of an infringing act that occurred in the United States." *Id.* at 992.

Iconic asserts that its separate claims under United Kingdom and Israeli copyright laws are appropriate because the SAC alleges "fully extraterritorial infringing acts" that were "unconnected to any predicate domestic act of infringement."  (Dkt. No. 27 ["Opp'n" at 9–10.)  Iconic does not dispute, however, that its SAC alleges acts of infringement committed by Defendants in the United States.  The domestic acts of infringement alleged in the SAC consist of Defendants posting the Photo on their website and offering licenses of the Photo to third parties.  (*See* SAC ¶¶ 36–40.)  The alleged extraterritorial infringing acts consist of "offer[ing] sham licenses to third-party publications in Israel" and "in the United Kingdom."  (SAC ¶¶ 57, 71.)  Clearly, the alleged extraterritorial infringing acts flowed from Defendants' predicate infringing act in the United States — posting the Photo on their website to offer it for licensing.  Accordingly, U.S. copyright laws apply and Iconic cannot maintain its claims for relief under foreign copyright laws.

*Digital Millennial Copyright Act*

Defendants contend that the SAC fails to plead facts sufficient to support Iconic's second claim for relief for violation of the Digital Millennial Copyright Act ("DMCA"), 17 U.S.C. § 1202(a).  Under § 1202(a), it is a violation for any person to "knowingly and with the intent to induce, enable, facilitate, or conceal infringement — (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false."  The description of the Photo posted on Defendants' website describes it as "an undated family snapshot [of Barack Obama Sr.] from the 1960's released by his son's US presidential campaign, February 4, 2008."  (SAC, Exh. D.)  The Photo information lists "Obama for America/Handout" as the photographer and "Obama For America/Handout/Reuters/Corbis" as the credited copyright holder.  (SAC, Exh. D.)  The SAC alleges that the Photo was in fact taken by Sylvia Wells Baldwin, and that Ms. Baldwin obtained copyright registration for the Photo in December 2012.  (*See* SAC, Exh. B.)  These allegations standing alone do not support a plausible claim that Defendants had knowledge of the falsity of the photographer and credited ownership information they

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01951-CJC(ANx)                    Date:  July 11, 2014
                                                              Page 4

---

listed with the Photo.  However, the SAC also alleges that Ms. Baldwin contacted
Defendants on March 3, 2013, notified them that she claimed to be the author and owner
of the Photo, and provided documentation showing, among other things, that she had
been credited as the author of the Photo by at least one source.  (SAC ¶ 25.)  At some
point she also informed Defendants that she had obtained copyright registration for the
Photo.  (SAC ¶ 26.)  According to the SAC, as of March 2014 Defendants' website still
displayed the Photo with the allegedly false copyright information.  (SAC ¶ 29.)  At the
pleading stage, these facts are sufficient to state a plausible claim for relief under DMCA
§ 1202(a).

**CONCLUSION**

        For the foregoing reasons, Defendants' motion to dismiss claims 2, 3, and 4 of the
SAC is **GRANTED IN PART**.  Iconic shall file a third amended complaint consistent
with this Minute Order within twenty (20) days of the date hereof.

bsc

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk MU