LEVINE SULLIVAN KOCH &
  SCHULZ, LLP
James E. Grossberg, Cal. Bar No. 169626
jgrossberg@lskslaw.com
1041 Skyline Drive
Laguna Beach, CA  92651
Telephone: (949) 715-3136
Fax: (949) 715-3138

LEVINE SULLIVAN KOCH &
  SCHULZ, LLP
KATHERINE M. BOLGER
(*Admitted Pro Hac Vice*)
RACHEL F. STROM
(*Admitted Pro Hac Vice*)
kbolger@lskslaw.com
rstrom@lskslaw.com
321 West 44th Street, Suite 1000
New York, NY 10036
Telephone: (212) 850-6100
Fax: (212)850-6299

Attorneys for Defendant
Corbis Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ICONIC IMAGES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CORBIS CORPORATION; THOMPSON REUTERS HOLDINGS, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV-13-1951-CJC (ANx)<br><br>**ANSWER OF CORBIS CORPORATION** |

Defendant Corbis Corporation ("Corbis") through its undersigned counsel Levine Sullivan Koch & Schulz, LLP, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, hereby responds to the Third Amended Complaint ("TAC") of Plaintiff Iconic Images, LLC ("Iconic") with the following Answer corresponding to the paragraphs set out in the TAC:

## JURISDICTION AND VENUE

1. Corbis admits that this purports to be an action for copyright infringement and falsification of copyright management information.

2. The allegations in Paragraph 2 of the TAC constitute legal conclusions to which no answer is required.

3. Denies that Iconic suffered any injury in this Judicial District, admits that Corbis transacts business in this Judicial District, and, except as so denied and admitted, the remaining allegations in Paragraph 3 of the TAC constitute legal conclusions to which no answer is required.

## PARTIES

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the TAC.

5. Admits that Corbis is a corporation organized under the laws of the state of Nevada, and that Corbis has an office located at 710 Second Avenue, Suite 200, Seattle Washington, in addition to offices located in Los Angeles, California, and New York, New York. Except as so admitted, the allegations contained in Paragraph 5 of the TAC are denied

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the TAC.

## FACTS COMMON TO ALL COUNTS

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the TAC.

8.  Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the TAC.

9.  Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the TAC.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the TAC.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the TAC.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the TAC.

13.  Admits the allegations contained in Paragraph 13 of the TAC.

14.  Admits that Corbis actively polices and vigorously protects its own intellectual property rights from infringement and denies the remaining allegations contained in Paragraph 14 of the TAC.

15.  Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the TAC.

16.  Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the TAC.

17.  Admits that Corbis' owned and operated a staging environment for its website, www.stg.corbisimages.com, denies that the website ever offered any photo for sale and, except as so admitted and denied, denies each and every remaining allegation contained in Paragraph 17 of the TAC.

18.  Denies each and every allegation contained in Paragraph 18 of the TAC.

19.  Admits that, in the past, Corbis offered the Photo for licensing use by third parties, admits that "Exhibit D" purports to be a copy of how a certain page on Corbis' website formally appeared , except as so admitted, denies each and every remaining allegation contained in Paragraph 19 of the TAC.

20. Respectfully refers this Court to Exhibit D for its true content and meaning, and denies that Exhibit D is still publicly displayed on Corbis' website, and, except as so referred and denied, denied each and every remaining allegation contained in Paragraph 20 of the TAC.

21. Denies each and every allegation contained in Paragraph 21 of the TAC.

22. Denies each and every allegation contained in Paragraph 22 of the TAC.

23. Denies each and every allegation contained in Paragraph 23 of the TAC.

24. Denies that Ms. Baldwin reached out to Corbis in an effort to resolve this matter and, except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 of the TAC.

25. Denies that counsel for Ms. Baldwin provided Corbis with any documents to demonstrate the fact that she authored the Photo and was the copyright holder thereof, and, except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 of the TAC.

26. Denies that Ms. Baldwin informed Corbis that she had registered her copyright in the Photo, and, except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in first sentence of Paragraph 26 of the TAC. The allegations in second sentence of Paragraph 2 of the TAC constitute legal conclusions to which no answer is required.

27. Denies each and every allegation contained in Paragraph 27 of the TAC.

28. Denies each and every allegation contained in Paragraph 28 of the TAC.

29. Denies each and every allegation contained in Paragraph 29 of the TAC.

30. Denies each and every allegation contained in Paragraph 30 of the TAC.

31. Denies each and every allegation contained in Paragraph 31 of the TAC.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

32. Repeats and realleges its responses to each and every allegation contained in

Paragraphs 1 to 31 of the TAC as if made in response to Paragraph 32 of the TAC.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the TAC.

34. Denies each and every allegation contained in Paragraph 34 of the TAC.

35. Denies each and every allegation contained in Paragraph 35 of the TAC.

36. Denies each and every allegation contained in Paragraph 36 of the TAC.

37. Denies each and every allegation contained in Paragraph 37 of the TAC.

38. Denies each and every allegation contained in Paragraph 38 of the TAC.

39. Denies each and every allegation contained in Paragraph 39 of the TAC.

40. Denies each and every allegation contained in Paragraph 40 of the TAC.

## SECOND CLAIM FOR RELIEF

### (Falsification of Copyright Management Information, 17 U.S.C. § 1202(a), *et seq.*, against Defendants)

41. Repeats and realleges its responses to each and every allegation contained in Paragraphs 1 to 40 of the TAC as if made in response to Paragraph 41 of the TAC.

42. The allegations in Paragraph 42 of the TAC constitute legal conclusions to which no answer is required.

43. Denies each and every allegation contained in Paragraph 43 of the TAC.

44. Denies each and every allegation contained in Paragraph 44 of the TAC.

45. Denies each and every allegation contained in Paragraph 45 of the TAC.

46. Denies each and every allegation contained in Paragraph 46 of the TAC.

47. Denies each and every allegation contained in Paragraph 47 of the TAC.

48. Denies each and every allegation contained in Paragraph 48 of the TAC.

## DEFENSES

Corbis denies any and all other allegations, inferences or implications arising from any statement in the TAC to the extent such has not been affirmatively admitted by Corbis in this Answer.

Corbis propounds the following separate and additional defenses, and by doing so, Corbis in no way concedes that it has the burden of proof and/or burden of persuasion with respect to any of such defenses.

### FIRST DEFENSE

The TAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Iconic's claims are barred by the doctrines of estoppel or waiver.

### THIRD DEFENSE

Corbis' alleged use, if any, of the Photo was made with an innocent intent and without any belief that any acts of Corbis constituted an infringement or violation.

### FOURTH DEFENSE

Many of the acts complained of were not committed by Corbis and thus may not be the basis of any claims against Corbis.

### FIFTH DEFENSE

Iconic's harm, if any, was the result of the conduct of Iconic or third parties over whom Corbis had no control.

### SIXTH DEFENSE

Iconic lacks standing to assert the claims in the TAC to the extent Iconic does not own a valid or enforceable assignment of exclusive copyright rights in the Photo.

### SEVENTH DEFENSE

Iconic's claims are barred, in whole or in part, by the applicable statute of limitations.

### EIGHTH DEFENSE

Iconic has abandoned any copyright interest in the subject matter of this suit.

### NINTH DEFENSE

Iconic's claim for copyright infringement is barred by the defense of license and/or implied license.

## TENTH DEFENSE

To the extent that Iconic is entitled to any relief on its copyright claim (which Corbis denies), Iconic is not entitled to statutory damages or attorney's fees because, the copyright registration asserted by Iconic as covering the Photo is untimely.

## ELEVENTH DEFENSE

Iconic is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Iconic has an adequate remedy at law.

## TWELFTH DEFENSE

Iconic has failed to mitigate its damages, if any, and as a consequence thereof, Iconic is not entitled to recover the amount of damages alleged, or any other damages.

## THIRTEENTH DEFENSE

Corbis hereby gives notice that, due to the lack of information as to the matters set forth in the TAC, Corbis has insufficient knowledge and information on which to form a belief as to whether it has additional defenses not expressly enumerated in the preceding paragraphs. Corbis states that it reserves its right to amend its Answer to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Corbis respectfully requests that:

(a) Judgment be entered in its favor and against Iconic as to all claims alleged in the TAC;

(b) Iconic take nothing;

(c) Judgment be entered that Corbis is the prevailing party on Iconic's claims;

(d) The Court award such further relief, including costs and attorney's fees pursuant to 17 U.S.C. § 1203(b)(4) and (5) and 17 U.S.C. 505, against Iconic and to the benefit of Corbis as the Court deems just and proper.

DATED: August 28, 2013

LEVINE SULLIVAN KOCH & SCHULZ, LLP
JAMES GROSSBERG
KATHERINE M. BOLGER*
RACHEL F. STROM*


By: /s/ Katherine M. Bolger
KATHERINE M. BOLGER

Attorneys for Defendant
Corbis Corporation

*Admitted *pro hac vice*