LEVINE SULLIVAN KOCH &
SCHULZ, LLP
James E. Grossberg, Cal. Bar No. 169626
jgrossberg@lskslaw.com
1041 Skyline Drive
Laguna Beach, CA 92651
Telephone: (949) 715-3136
Fax: (949) 715-3138

LEVINE SULLIVAN KOCH &
SCHULZ, LLP
KATHERINE M. BOLGER
(*Admitted Pro Hac Vice*)
RACHEL F. STROM
(*Admitted Pro Hac Vice*)
kbolger@lskslaw.com
rstrom@lskslaw.com
321 West 44th Street, Suite 1000
New York, NY 10036
Telephone: (212) 850-6100
Fax: (212)850-6299

Attorneys for Defendant
Reuters America LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

ICONIC IMAGES, LLC,

Plaintiff,

vs.

CORBIS CORPORATION; THOMPSON REUTERS HOLDINGS, INC.; and DOES 1-10, inclusive,

Defendants.

Case No. CV-13-1951-CJC (ANx)

**ANSWER OF**
**<u>REUTERS AMERICA LLC</u>**

Defendant Reuters America LLC ("Reuters") through its undersigned counsel Levine Sullivan Koch & Schulz, LLP, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, hereby responds to the Third Amended Complaint ("TAC") of Plaintiff Iconic Images, LLC ("Iconic") with the following Answer corresponding to the paragraphs set out in the TAC:

In response to the prefatory paragraph on page 1, denies that Reuters is the same corporate entity as Corbis Corporation ("Corbis") such that Plaintiff can make joint allegations against them by using the defined term "Defendants".

**JURISDICTION AND VENUE**

1. Reuters admits that this purports to be an action for copyright infringement and falsification of copyright management information.

2. The allegations in Paragraph 2 of the TAC constitute legal conclusions to which no answer is required.

3. Denies that Iconic suffered any injury in this Judicial District, denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", admits that Reuters transacts business in this Judicial District, and the remaining allegations in Paragraph 3 of the TAC constitute legal conclusions to which no answer is required.

**PARTIES**

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the TAC.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the TAC.

6. Admits that Reuters is a limited liability company organized under the laws of Delaware, with its corporate headquarters at 3 Times Square, New York, New York 10036, and denies the remaining allegations contained in Paragraph 6 of the TAC.

**FACTS COMMON TO ALL COUNTS**

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the TAC.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the TAC.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the TAC.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the TAC.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the TAC.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the TAC.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the TAC.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the TAC.

15. Denies that Reuters is a “media and information firm”, affirmatively alleges that Reuters is an international news agency providing text, pictures and video content to publishers around the world, admits the second sentence in paragraph 14, and denies the remaining allegations contained in Paragraph 15 of the TAC.

16. Admits that Reuters actively polices and vigorously protects its own intellectual property rights from infringement and denies the remaining allegations contained in Paragraph 16 of the TAC.

17. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term “Defendants”, affirmatively alleges that Reuters does not own, operate or control the website at

www.stg.corbisimages.com and that Reuters has made no representations about the content of that website, and denies the remaining allegations contained in Paragraph 17 of the TAC

18. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", affirmatively alleges that Reuters offered Photo for licensed use by third parties between 2008 and February 26, 2013 and that it believed it had the necessary license to do so from Obama for America, and denies the remaining allegations contained in Paragraph 18 of the TAC.

19. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", denies that "Exhibit D" to the TAC is a screen capture of Reuters' website, affirmatively alleges that it is a website bearing the URL corbisimages.com/stock-photo/rights-managed/42-19562139/usa-politics-barack-obama-sr-family-phot… , admits that, at one time, Reuters offered the Photo for licensed use by third parties between 2008 and February 26, 2013 and that it believed it had the necessary license to do so from Obama for America, and denies the remaining allegations in Paragraph 19 of the Complaint.

20. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", admits that Reuters offered the Photo for licensed use by third parties between 2008 and February 26, 2013 and that it believed it had the necessary license to do so from Obama for America, admits crediting "Obama for America/Handout" as Photographer and listing "@ Obama for America/Handout/Reuters/Corbis" as the Credit, and denies the remaining allegations in Paragraph 20 of the Complaint.

21. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and

denies each and every allegation contained in Paragraph 21 of the TAC.

22. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies the remaining allegations contained in Paragraph 22 of the TAC.

23. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", admits that Reuters offered the Photo for licensed use by third parties between 2008 and February 26, 2013 and that it believed it had the necessary license to do so from Obama for America, affirmatively alleges that Reuters informed counsel for Mrs. Baldwin of the date it first posted the Photo for license on its website, and denies the remaining allegations contained in Paragraph 23 of the TAC.

24. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", admits that an attorney for Ms. Baldwin contacted Reuters for the first time in January 2013 before instituting this lawsuit, further admits that Reuters last contacted Ms. Baldwin's counsel on April 3, 2013 and did not receive any substantive response, affirmatively alleges that Reuters offered to credit Ms. Baldwin and she did not respond, and denies the remaining allegations contained in Paragraph 24 of the TAC.

25. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", admits that on or about March 3, 2013, Ms. Baldwin's counsel presented Reuters with a copy of the photograph at issue in this lawsuit ("Photo"), a copy of a letter dated December 20, 1962 purporting to be from Barack Obama Sr. thanking her for the "photographs which we took" (without identifying those photographs in any detail) and a copy of acknowledgment and credit pages from a book by Sally Jacobs, published in 2011, and denies the remaining allegations contained in Paragraph 25 of

the TAC.

26. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", affirmatively alleges that Reuters requested of Plaintiff proof of copyright registration, which was not provided, and denies the remaining allegations in the first sentence of Paragraph 26 of the TAC. The allegations in second sentence of Paragraph 2 of the TAC constitute legal conclusions to which no answer is required.

27. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", affirmatively alleges that Reuters removed the Photo from its website on February 26, 2013 before receiving proof of ownership or a copyright registration from Plaintiff, and denies the remaining allegations contained in Paragraph 27 of the TAC.

28. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegations contained in Paragraph 28 of the TAC.

29. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants", affirmatively alleges that Reuters removed the Photo from its website on February 26, 2013 before receiving proof of ownership or a copyright registration from Plaintiff, and denies the remaining allegations contained in Paragraph 29 of the TAC.

30. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 30 of the TAC.

31. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 31 of the TAC.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501)**

32. Repeats and realleges its responses to each and every allegation contained in Paragraphs 1 to 31 of the TAC as if made in response to Paragraph 32 of the TAC.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the TAC.

34. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 34 of the TAC.

35. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 35 of the TAC.

36. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 36 of the TAC.

37. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 37 of the TAC.

38. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 38 of the TAC.

39. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 39 of the TAC.

40. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 40 of the TAC.

**SECOND CLAIM FOR RELIEF**

**(Falsification of Copyright Management Information,**

**17 U.S.C. § 1202(a), *et seq.*, against Defendants)**

41. Repeats and realleges its responses to each and every allegation contained in Paragraphs 1 to 40 of the TAC as if made in response to Paragraph 41 of the TAC.

42. The allegations in Paragraph 42 of the TAC constitute legal conclusions to which no answer is required.

43. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 43 of the TAC.

44. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 44 of the TAC.

45. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 45 of the TAC.

46. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 46 of the TAC.

47. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 47 of the TAC.

48. Denies that Reuters is the same corporate entity as Corbis such that Plaintiff can make joint allegations against them by using the defined term "Defendants" and denies each and every allegation contained in Paragraph 48 of the TAC.

**DEFENSES**

Reuters denies any and all other allegations, inferences or implications arising from any statement in the TAC to the extent such has not been affirmatively admitted by Reuters in this Answer.

Reuters propounds the following separate and additional defenses, and by doing so, Reuters in no way concedes that it has the burden of proof and/or burden of persuasion with respect to any of such defenses.

**FIRST DEFENSE**

The TAC fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Iconic's claims are barred by the doctrines of estoppel or waiver.

**THIRD DEFENSE**

Reuters' alleged use, if any, of the Photo was made with an innocent intent, in good faith, and without any belief that any acts of Reuters constituted an infringement or violation.

**FOURTH DEFENSE**

Many of the acts complained of by Reuters were not committed by Reuters and thus may not be the basis of any claims against Reuters.

**FIFTH DEFENSE**

Iconic's harm, if any, was the result of the conduct of Iconic or third parties over whom Reuters had no control.

**SIXTH DEFENSE**

Iconic lacks standing to assert the claims in the TAC to the extent Iconic does not own a valid or enforceable assignment of exclusive copyright rights in the Photo.

**SEVENTH DEFENSE**

Iconic's claims are barred, in whole or in part, by the applicable statute of limitations.

**EIGHTH DEFENSE**

Iconic has abandoned any copyright interest in the subject matter of this suit.

**NINTH DEFENSE**

Iconic's claim for copyright infringement is barred by the defense of license and/or implied license.

**TENTH DEFENSE**

To the extent that Iconic is entitled to any relief on its copyright claim (which Reuters denies), Iconic is not entitled to statutory damages or attorney's fees because the copyright registration asserted by Iconic as covering the Photo is untimely.

**ELEVENTH DEFENSE**

Iconic is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Iconic has an adequate remedy at law.

**TWELFTH DEFENSE**

Iconic has failed to mitigate its damages, if any, and as a consequence thereof, Iconic is not entitled to recover the amount of damages alleged, or any other damages.

**THIRTEENTH DEFENSE**

Reuters hereby gives notice that, due to the lack of information as to the matters set forth in the TAC, Reuters has insufficient knowledge and information on which to form a belief as to whether it has additional defenses not expressly enumerated in the preceding paragraphs. Reuters states that it reserves its right to amend its Answer to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Reuters respectfully requests that:

(a) Judgment be entered in its favor and against Iconic as to all claims alleged in the TAC;

(b) Iconic take nothing;

(c) Judgment be entered that Reuters is the prevailing party on Iconic's claims;

(d) The Court award such further relief, including costs and attorney's fees pursuant to 17 U.S.C. § 1203(b)(4) and (5) and 17 U.S.C. 505, against Iconic and to the benefit of Reuters as the Court deems just and proper.

DATED: August 28, 2014

LEVINE SULLIVAN KOCH & SCHULZ, LLP
JAMES GROSSBERG
KATHERINE M. BOLGER*
RACHEL F. STROM*

By: /s/ Katherine M. Bolger
KATHERINE M. BOLGER

Attorneys for Defendant
Reuters America LLC

*Admitted *pro hac vice*