# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ICONIC IMAGES, LLC, a California limited liability company, | Case No.  SACV13-01951-CJC (ANx) |
| Plaintiffs, | [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| CORBIS CORPORATION, a Nevada corporation; REUTERS AMERICA LLC, a Delaware corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

WHEREAS, in the course of this action certain information, documents and testimony disclosed and produced through discovery may constitute or incorporate non-public confidential information, including private, proprietary, commercially sensitive, or trade secret information, the disclosure of which would have an adverse impact upon a party's personal privacy and/or commercial interests;

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") have requested that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists pursuant to Federal Rule of Civil Procedure 26(c) for the issuance of this protective order.

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential any document (as defined by Fed. R. Civ. P. 34(a)) produced by it which it reasonably and in good faith believes contains confidential non-public information by imprinting the word "Confidential" on each page or portion of such document produced or by imprinting the word "Confidential" next to or above any response, or any portion thereof, to a discovery request.

3. With respect to deposition transcripts and exhibits, a Producing Party or its counsel may designate material as Confidential Discovery Material either by; (a) indicating on the record during the deposition that a question calls for Confidential information, in

which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within ten (10) business days after its receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

4. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

5. Nothing contained in this Order will be construed as; (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

6. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (i) this Court, including any appellate court, its support personnel, and court reporters.

7. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f), or 6(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

9. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The Parties shall confer regarding the objection pursuant to Local Rule 37-1. If the Parties cannot reach agreement, they shall formulate and present to the Court a joint stipulation and notice of motion regarding the matter(s) in dispute pursuant to Local Rule 37-2.

10. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

11. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. This provision does not apply to the Court.

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons, other than the Court, to whom Confidential Discovery Material is produced or disclosed.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

//

//

//

//

//

//

//

18. Nothing in this Protective Order is intended or should be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.

SO ORDERED.

Dated: July 15, 2015

By: _____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ICONIC IMAGES, LLC, a California limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>CORBIS CORPORATION, a Nevada corporation; REUTERS AMERICA LLC, a Delaware corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. SACV13-01951-CJC (ANx)<br><br>**DECLARATION** |

_____, swears or affirms and states under penalty of perjury:

I have read the Protective Order entered in the above-captioned case, a copy of which is attached to this Declaration.

I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Declaration are "Confidential" as defined in the Protective Order.

I promise that I have not and will not divulge or undertake to divulge to any person or recording device any "Confidential" material shown or told to me except as authorized in the Protective Order. I will not use the "Confidential" material for any purpose other than this litigation.

For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

I will abide by the terms of the Protective Order.

_____    Address:    _____
(Signature)                                                    _____

_____    Telephone No.: (\_\_\_)_____
(Print or Type Name)

**[PROPOSED]  PROTECTIVE ORDER**